UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SYLVESTER L. EVANS, JR.                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:20CV31-TBM-RPM

ASHLEY D. LEMONS and                                                                   DEFENDANTS
LARHONDA LEMONS

**REPORT AND RECOMMENDATIONS**

Plaintiff Sylvester L. Evans, Jr., proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to the "Peace and Friendship Treaty" alleging multiple breaches of contract by "servants", Defendants Ashley D. Lemons and LaRhonda Lemons. Doc. [1]. In the complaint, he identifies himself as "Jesus Chosen" who is incorporated under the laws of his "Tribe/Chiefdom". The Court conducted a screening hearing on February 11, 2021, to consider Plaintiff's IFP motion and to explore the allegations in his complaint. At the hearing, Plaintiff indicated that Defendants have violated his constitutional rights as a father. Specifically, Defendant Ashley Lemons, who is the mother of Plaintiff's child, will not allow Plaintiff visitation. He also complains that Ashley has not given the child Plaintiff's last name. According to Plaintiff, Defendant LaRhonda Lemons, who is Ashley's mother, has custody of Plaintiff's child because Ashley is in the army.

Federal courts are courts of limited jurisdiction. Unlike state courts, federal courts have no inherent or general subject-matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: Those involving diversity of citizenship, federal questions, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without

jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Plaintiff has failed to meet this burden.

For jurisdictional purposes, the parties are alleged to be citizens of different states. Plaintiff does not allege any amount in controversy. Rather, his lawsuit centers on issues of parental and visitation rights relating to his child. "Federal courts have traditionally refused to exercise diversity jurisdiction in a variety of domestic relations cases", including suits related to visitation rights. *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978). Although the parties to the instant lawsuit are from different states, the subject matter falls under the domestic relations exception to diversity jurisdiction. *See Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078-79 (5th Cir. 1990). "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987). Accordingly, the undersigned recommends dismissing Plaintiff's complaint based on lack of jurisdiction.

In the alternative, Plaintiff's complaint should be dismissed as frivolous. A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional" or when they "rise to the level of the irrational or the wholly incredible." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

There is ample evidence that Plaintiff's allegations are "irrational" or "wholly incredible". To begin with, in his motion to proceed *in forma pauperis*, he claims to be employed by God, living off at least $1.00 per day. When asked about his employment with God, Plaintiff clarified he does not work for the church, rather he is the church. In his pleadings, he adopts the alias "Church". During the screening hearing, Plaintiff frequently invoked "secret state privilege" as a basis for not answering many of the questions posed by the undersigned. However, he was unable to identify the parameters of this privilege. At one point, he stated that "the Lord has me doing an investigation of my life that is a matter of secret state privilege". In connection with this investigation, God has told Plaintiff he is a "multi-billion dollar asset for a Fortune 500 corporation." Plaintiff further claims to be an aboriginal tribal chief whose physical body represents his tribe. He could not tell the Court the name of the tribe because it is a matter of secret state privilege. When questioned further, Plaintiff indicated he is the only known, living member of the tribe. He also claims to be a Moor and invokes the Treaty of Peace and Friendship (1786), between Morocco and the United States, as a basis for jurisdiction over this lawsuit.

Plaintiff also filed numerous motions with the Court, which contain some unusual requests and allegations. He alleges that he is being followed by investigators and corporate spies; he seeks a restraining order against the undersigned and his family to prevent them from following him or spying on him; he seeks a restraining order against the army; he requests a subpoena for U.S. Supreme Court Justice John Roberts to testify about the truth of Plaintiff's allegations; and he requests assistance of legal counsel from the Embassy of Morocco. Upon full consideration of Plaintiff's pleadings and his testimony at the February 11, 2021, screening hearing, the undersigned recommends that the complaint be dismissed as factually frivolous.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Sylvester L. Evans, Jr.'s complaint be dismissed for lack of jurisdiction or, in the alternative, as frivolous.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 3rd day of May 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE